1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                       CENTRAL DISTRICT OF CALIFORNIA

10

11   HEIDY JOHANA RAVE SALAZAR,          Case No. 5:26-cv-00114-FLA (SK)

12                         Petitioner,
                                          **ORDER DIRECTING**
13            v.                          **RESPONDENTS TO SUPPLEMENT**
                                          **RECORD**
14
     JAMES JANECKA, *et al.*,
15
                          Respondents.
16

17

18

19

20

21

22

23

24

25

26

27

28

1

**<u>ORDER</u>**

2    On January 10, 2026, Petitioner Heidy Johana Rave Salazar ("Petitioner") filed

3  a Petition for Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2241,

4  challenging her detention by U.S. Immigration and Customs Enforcement ("ICE") as

5  a violation of the Due Process Clause of the Fifth Amendment, the Immigration and

6  Nationality Act, the Administrative Procedure Act, and applicable regulations.  Dkt. 1

7  ("Pet.").  On January 12, 2026, Petitioner filed the subject Application for Temporary

8  Restraining Order ("Application"), requesting the court "order her immediate release

9  or in the alternative order Respondents to provide Petitioner with constitutionally

10  sufficient pre- and post-deprivation hearing before a neutral adjudicator within 5

11  days."  Dkt. 6 ("Appl.") at 20.[1]  Respondents oppose the Application.  Dkt. 9

12  ("Opp'n").

13    Petitioner is a citizen of the Republic of Colombia ("Colombia") who entered

14  the United States without inspection on or about August 23, 2022, was apprehended

15  shortly after entry, and was removed from this country on September 6, 2022 pursuant

16  to an expedited removal order.  Pet. ¶ 14; Dkt. 9-1 ("Lajuj Decl.") ¶ 4.  On or about

17  August 9, 2023, Petitioner entered the United States without inspection for a second

18  time, was again apprehended shortly after entry, and had her removal order reinstated.

19  Lajuj Decl. ¶ 5.

20    On October 10, 2023, Petitioner was placed into Withholding-Only proceedings

21  after she was found to have a reasonable fear of persecution if returned to her home

22  country.  *Id.* ¶¶ 5–6.  On November 29, 2023, the Immigration Judge granted

23  Petitioner's request for Withholding of Removal to Colombia, and both Petitioner and

24  the U.S. Department of Homeland Security ("DHS") waived appeal.  *Id.* ¶ 7.  On

25  December 1, 2023, ICE released Petitioner from immigration detention and served her

26

27

28
_____

[1] The court cites documents by the page numbers added by the court's CM/ECF
System, rather than any page numbers included natively.

2

1    with an Order of Supervision ("OSUP") (Pet. at 42–43).  Lajuj Decl. ¶ 8.  Petitioner

2    states she has appeared at all scheduled ICE appointments and complied with all

3    conditions of release since her initial release.  Pet. ¶ 26.

4         On December 10, 2025, Petitioner was arrested when she appeared for a

5    regularly scheduled check-in appointment with ICE, served with a Notice of

6    Revocation of Release (Dkt. 9-2 at 3–4), and detained under 8 U.S.C. § 1231.  *Id.*

7    ¶¶ 28–29; Lajuj Decl. ¶ 9.  According to Respondents, "ICE anticipates enforcing

8    Petitioner's removal order to a third county in the reasonably foreseeable future."

9    Opp'n at 6 (citing Lajuj Decl. ¶ 10).  8 C.F.R. § 241.4(*l*).  Pursuant to 8 C.F.R.

10   § 241.13(i)(2), "[ICE] may revoke an alien's release under this section and return the

11   alien to custody if, on account of changed circumstances, the Service determines that

12   there is a significant likelihood that the alien may be removed in the reasonably

13   foreseeable future."[2]  Neither the Notice of Revocation of Release nor Respondents'

14   Opposition identify specifically what changed circumstances caused ICE to make this

15   determination.  *See* Dkt. 9-2 at 3; Opp'n at 7–8, 11–14.

16        Accordingly, the court ORDERS Respondents to file a clarifying declaration on

17   or before March 20, 2026, regarding the current status of their efforts to remove

18   Petitioner from this country, which is prepared by an individual who has direct

19   knowledge of Petitioner's case.  This declaration shall be filed and should identify

20   specifically: (1) what circumstances changed to cause Respondents or ICE to

21   determine there was a significant likelihood that Petitioner may be removed within six

22   months of her arrest and detention on December 10, 2025; (2) the efforts Respondents

23   have taken to effectuate Petitioner's removal to a third country since she was detained

24   on December 10, 2025; (3) the dates when Respondents, or any authorized

25

26   [2] In *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), the Supreme Court held detention

27   for up to six months while the government works to effectuate an alien's removal
     under a final order of deportation is presumed reasonable and constitutionally

28   permissible.

representative of DHS or ICE, contacted the government of any foreign country to

obtain travel documents and/or the necessary approvals to effectuate travel from the

United States; (4) the response(s) Respondents have received regarding their inquiries,

if any; and (5) what communications or requests are currently outstanding and when

Respondents anticipate receiving a response.  Failure to file this clarifying declaration

timely shall be deemed an admission by Respondents that neither they nor ICE have

taken any steps or engaged in any communications with third countries to effectuate

Petitioner's removal from the United States.


        IT IS SO ORDERED.


Dated: March 6, 2026

                                        _____
                                        FERNANDO L. AENLLE-ROCHA
                                        United States District Judge

4