UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEIDY JOHANA RAVE SALAZAR,<br><br>Petitioner,<br><br>v.<br><br>JAMES JANECKA, *et al.*,<br><br>Respondents. | Case No. 5:26-cv-00114-FLA (SK)<br><br>**ORDER GRANTING PETITIONER'S APPLICATION FOR TEMPORARY RESTRAINING ORDER [DKT. 6]** |

## <u>RULING</u>

On January 10, 2026, Petitioner Heidy Johana Rave Salazar ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2241 ("§ 2241"), challenging her detention by U.S. Immigration and Customs Enforcement ("ICE") as a violation of the Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act ("INA"), the Administrative Procedure Act ("APA"), the Rehabilitation Act, and applicable regulations.  Dkt. 1 ("Pet.").

On January 12, 2026, Petitioner filed the subject Application for Temporary Restraining Order ("Application"), requesting the court "order her immediate release or in the alternative order Respondents to provide Petitioner with constitutionally sufficient pre- and post-deprivation hearing before a neutral adjudicator within 5 days."  Dkt. 6 ("Appl.") at 20.[1]  Respondents oppose the Application.  Dkt. 9 ("Opp'n").

For the reasons stated herein, the court GRANTS the Application and ORDERS Respondents to release Petitioner from custody immediately and return all property to Petitioner that was confiscated from her when she was arrested and processed into detention.  Respondents are ENJOINED from re-arresting or re-detaining Petitioner during the pendency of the subject *habeas* action absent providing the court with the information it ordered, *see* Dkt. 11, and express authorization by this court.  The court exercises its discretion and waives the posting of a bond.  *See* Fed. R. Civ. P. 65(c).

## <u>BACKGROUND</u>

Petitioner is a citizen of the Republic of Colombia ("Colombia") who entered the United States without inspection on or about August 23, 2022, was apprehended shortly after entry, and was removed from this country on September 6, 2022 pursuant to an expedited removal order.  Pet. ¶ 14; Dkt. 9-1 ("Lajuj Decl.") ¶ 4.  On or about

---

[1] The court cites documents by the page numbers added by the court's CM/ECF System, rather than any page numbers included natively.

August 9, 2023, Petitioner entered the United States without inspection for a second time, was again apprehended shortly after entry, and had her removal order reinstated. Lajuj Decl. ¶ 5.

On October 10, 2023, Petitioner was placed into Withholding-Only proceedings after she was found to have a reasonable fear of persecution if returned to her home country. *Id.* ¶¶ 5–6. On November 29, 2023, the Immigration Judge granted Petitioner's request for Withholding of Removal to Colombia, and both Petitioner and the U.S. Department of Homeland Security ("DHS") waived appeal. *Id.* ¶ 7. On December 1, 2023, ICE released Petitioner from immigration detention and served her with an Order of Supervision (Pet. at 42–43). Lajuj Decl. ¶ 8. Petitioner states she has appeared at all scheduled ICE appointments and complied with all conditions of release since her initial release. Pet. ¶ 26.

On December 10, 2025, Petitioner was arrested when she appeared for a regularly scheduled check-in appointment with ICE, served with a Notice of Revocation of Release (Dkt. 9-2 at 3–4), and detained under 8 U.S.C. § 1231. *Id.* ¶¶ 28–29; Lajuj Decl. ¶ 9. Respondents contend the revocation of Petitioner's release and her detention were proper because "ICE anticipates enforcing Petitioner's removal order to a third county in the reasonably foreseeable future." Opp'n at 6 (citing Lajuj Decl. ¶ 10).

On March 6, 2026, the court ordered Respondents to file a clarifying declaration regarding the current status of their efforts to remove Petitioner from this country, prepared by an individual with direct knowledge of Petitioner's case, which identified specifically: (1) what circumstances changed to cause Respondents or ICE to determine there was a significant likelihood that Petitioner may be removed within six months of her arrest and detention on December 10, 2025; (2) the efforts Respondents had taken to effectuate Petitioner's removal to a third country since she was detained on December 10, 2025; (3) the dates when Respondents, or any authorized representative of DHS or ICE, contacted the government of any foreign

country to obtain travel documents and/or the necessary approvals to effectuate travel from the United States; (4) the response(s) Respondents had received regarding their inquiries, if any; and (5) what communications or requests were outstanding and when Respondents anticipated receiving a response.  Dkt. 11.

On March 20, 2026, Respondents filed a status report stating, "Respondents do not have additional evidence to present at this time."  Dkt. 12 at 2.

**DISCUSSION**

**I.      Legal Standard**

"[T]he usual function of a preliminary injunction is to preserve the status quo ante litem pending a determination of the action on the merits."  *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 808 (9th Cir. 1963).  "The status quo is the last uncontested status which preceded the pending controversy."  *Id.* at 809 (citation and quotation marks omitted).

A plaintiff seeking a preliminary injunction or temporary restraining order "must establish that [she] is likely to succeed on the merits, that [she] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [her] favor, and that an injunction is in the public interest."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met."  *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).  A "serious question" is one on which the movant "has a fair chance of success on the merits."  *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1421 (9th Cir. 1984).

The Ninth Circuit follows a "sliding scale" approach to the four preliminary injunction elements, such that "a stronger showing of one element may offset a weaker showing of another, as long as plaintiffs establish that irreparable harm is likely."  *Doe v. Kelly*, 878 F.3d 710, 719 (9th Cir. 2017) (cleaned up).  The first factor,

"likelihood of success on the merits[,] is the most import factor—and even more so when a constitutional injury is alleged." *Matsumoto v. Labrador*, 122 F.4th 787, 804 (9th Cir. 2024); *see also Baird v. Bonta*, 81 F.4th 1036, 1041 (9th Cir. 2023)) ("If a movant makes a sufficient demonstration on all four *Winter* factors …, a court must not shrink from its obligation to enforce his constitutional rights, regardless of the constitutional right at issue.") (cleaned up).

A writ of *habeas corpus* may be granted to any petitioner who demonstrates "[she] is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(a), (c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and … the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "[A]t its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Rasul v. Bush*, 542 U.S. 466, 473 (2004). A petitioner "bears the burden of demonstrating that [she] is in custody in violation of the Constitution or laws or treaties of the United States." *Noori*, 2025 WL 2800149, at *5 (cleaned up).

## II.   Analysis

Petitioner contends she has been detained in violation of the statute authorizing detention, 8 U.S.C. § 1231, and her due process rights under the Fifth Amendment. Pet. ¶¶ 73–90, 113–15; Appl. at 6. The Fifth Amendment guarantees that "[n]o person shall be ... deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. Although "[the] Fifth Amendment's protections do not extend to aliens outside the territorial boundaries [of the United States,] … once an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). "It is well established that the Fifth Amendment entitles aliens to due process

of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

As stated, Respondents argue the revocation of Petitioner's release and her detention were proper because "ICE anticipates enforcing Petitioner's removal order to a third county in the reasonably foreseeable future."  Opp'n at 6 (citing Lajuj Decl. ¶ 10).  Pursuant to 8 C.F.R. § 241.13(i)(2), "[ICE] may revoke an alien's release under this section and return the alien to custody if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future."[2]

As neither the Notice of Revocation of Release nor Respondents' Opposition identified specifically what changed circumstances caused ICE to make this determination (*see* Dkt. 9-2 at 3; Opp'n at 7–8, 11–14), the court ordered Respondents to file a clarifying declaration with additional details.  Dkt. 10 at 3–4.  The court warned Respondents expressly that "[f]ailure to file this clarifying declaration timely shall be deemed an admission by Respondents that neither they nor ICE have taken any steps or engaged in any communications with third countries to effectuate Petitioner's removal from the United States."  *Id.* at 5.  Respondents did not file a clarifying declaration with any of the information the court had ordered, and filed instead a status report that stated: "Respondents do not have additional evidence to present at this time."  Dkt. 12 at 2.

Because Respondents did not provide *any* specific information regarding their efforts to effectuate Petitioner's removal to a third country or to establish there had been any change in Petitioner's circumstances that justified the revocation of her release and detention, the court finds there were no valid grounds for Respondents to revoke Petitioner's release or detain her under 8 C.F.R. § 241.13(i)(2).  Petitioner, thus, meets her burden to demonstrate she is likely to succeed on the merits of her

---

[2] In *Zadvydas*, 533 U.S. at 701, the Supreme Court held detention for up to six months while the government works to effectuate an alien's removal under a final order of deportation is presumed reasonable and constitutionally permissible.

Fifth Amendment Due Process claims.  The remaining *Winter* factors all favor granting the temporary restraining order and preliminary injunction requested.  *See Matsumoto*, 122 F.4th at 804; *Zadvydas*, 533 U.S. at 690 ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process] Clause protects.").

### CONCLUSION

For the reasons stated, the court GRANTS the Application and ORDERS Respondents to:

(1) release Petitioner immediately under the same conditions as she was released prior to her re-detention;

(2) return all property to Petitioner that was confiscated from her when she was arrested and processed into detention; and

(3) file a statement with the court within one business day of Petitioner's release, attesting to Respondents' compliance with this Order.

Respondents are ENJOINED from re-arresting or re-detaining Petitioner during the pendency of the subject *habeas* action, absent providing the court with the information it ordered, *see* Dkt. 11, and express authorization by this court.  The court exercises its discretion and waives the posting of a bond.  *See* Fed. R. Civ. P. 65(c).

IT IS SO ORDERED.

Dated: April 20, 2026

FERNANDO L. AENLLE-ROCHA
United States District Judge

7